UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>-against-<br><br>Any and All Funds on Deposit at JPMorgan Chase Account Number 61442003 Held in the Name of CIA Minera Aurifera Santa Rosa SA, AKA COMARSA, et. al,<br><br>Defendants-<br>In-Rem;<br><br>-and-<br><br>CIA Minera Aurifera Santa Rosa SA,<br><br>Claimant. | Civil Action No. 12-CV-7530 (GBD)<br><br>**Claimant's Status Conference Report** |

## CLAIMANT COMARSA'S STATUS CONFERENCE REPORT

Claimant Compañía Minera Aurífera Santa Rosa S.A. ("COMARSA") submits this report in advance of the status conference scheduled for January 4, 2013.  Although this is a civil *in rem* forfeiture case, the government has made serious (and we contend unfounded) criminal allegations against COMARSA and its employees.  COMARSA -- a Peruvian company with over 2,500 employees -- sought this status conference in order avoid further damage to its legitimate business interests while it litigates this case to clear its name.  In that light, COMARSA will ask the Court to take up the following issues:

1.      Set an expedited trial and discovery schedule.  COMARSA will ask the Court to set the earliest possible trial date for this matter, with a correspondingly expedited discovery schedule.  While the government has elected to bring a civil forfeiture action here, its

fundamentally criminal allegations against COMARSA warrant the same type of speedy trial approach that the Court would take in its criminal cases. COMARSA is prepared to forego the typical phases of a civil case, such as summary judgment or other dispositive motions, to enable this case to proceed to trial on the merits as soon as possible.

2. <u>Impose a date certain for any amended complaint</u>. The government has indicated to counsel that it is considering an amended complaint. Given that the government has already sought and obtained an *ex parte* civil seizure warrant for COMARSA's property based on an ostensible showing of probable cause, it is troubling that the government would seek to amend its complaint already, and there is no legitimate reason why any amended pleading could not be filed within 30 days. COMARSA will ask the Court to impose such a schedule so this matter can proceed expeditiously.

3. <u>Order the immediate production of the seizure warrant affidavit</u>. Despite numerous requests, the government still has not provided COMARSA with a copy of the affidavit that it filed with its civil seizure warrant on September 7, 2012. COMARSA is entitled to review the affidavit in order to challenge the lawfulness of the warrant, *see* Supplemental Rule G(8), and there is no justification for the government's failure to provide the affidavit at this stage of the case. Accordingly, COMARSA will ask the Court to order the government to produce the affidavit immediately.

4. <u>Schedule briefing and a hearing for COMARSA's motion to suppress</u>. Based on the presumption that the verified complaint tracks the sworn statements in the warrant affidavit, COMARSA is preparing a motion to suppress the use of the seized property as evidence, *see* Supplemental Rule G(8), and for a hearing pursuant to *Franks v. Delaware,* 438 U.S. 154 (1978), to demonstrate that the affiant knowingly, deliberately, and/or recklessly made material

omissions in the affidavit to establish probable cause. COMARSA will ask the Court to schedule briefing and a hearing following the production of the warrant affidavit. Since this is not a dispositive motion, these proceedings should not interfere with an expedited discovery or trial schedule.

5.      <u>Interim relief</u>.  COMARSA has informed the government that the mere existence of the complaint poses a substantial risk to COMARSA's ability to conduct its business while the case is litigated. Counsel for COMARSA have asked the government for certain assurances that could alleviate the concerns of its suppliers and vendors, but the government has been unwilling to provide them -- despite the government's prior agreement not to seize funds relating to a pending sale of precious metals that COMARSA sought to make to one of the now-dismissed other claimants (Italpreziosi, S.p.A).

A speedy trial will enable COMARSA to clear its name and, hopefully, reverse the reputational damage caused by the complaint and the U.S. Attorney's press release announcing the allegations.  If the government opposes COMARSA's request, however, COMARSA would then move for an immediate post-seizure hearing to obtain relief from the *ex parte* warrant so that it can maintain its legitimate business operations while the litigation continues.

Dated: January 2, 2013                         Respectfully submitted,

                                                <u>/s/ Abbe David Lowell</u>
                                                NY Bar No.: 2981744
                                                SDNY Reg. No.: AL2981
                                                CHADBOURNE & PARKE LLP
                                                1200 New Hampshire Ave., NW
                                                Washington, DC 20036
                                                (202) 974-5600 (phone)
                                                (202) 974-5602 (fax)
                                                ADLowell@Chadbourne.com
                                                *Attorneys for Claimant,*
                                                *CIA Minera Aurifera Santa Rosa SA.*