UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>                    -against-<br><br>Any and All Funds on Deposit at JPMorgan Chase Account Number 61442003 Held in the Name of CIA Minera Aurifera Santa Rosa SA, AKA COMARSA, et. al,<br><br>                              Defendants-<br>                              In-Rem,<br><br>                    -and-<br><br>CIA Minera Aurifera Santa Rosa SA,<br><br>                              Claimant. | Civil Action No. 12-CV-7530 (GBD)<br><br>**Answer of Claimant CIA Minera Aurifera Santa Rosa SA To Plaintiff's Amended <u>Verified Complaint</u>**<br><br><br>**Claimant Demands <u>Trial by Jury</u>** |

Claimant CIA Minera Aurifera Santa Rosa SA ("COMARSA"), through its undersigned counsel, answers the government's Amended Verified Complaint ("Amended Complaint") as follows:

## I.    <u>JURISDICTION AND VENUE</u>

1.     COMARSA admits that Plaintiff's Amended Complaint seeks forfeiture of the listed property.  Paragraph 1 otherwise contains conclusions of law for which no response is required.

2.     Paragraph 2 contains conclusions of law for which no response is required.

3.      Paragraph 3 contains conclusions of law for which no response is required.  To the extent required, COMARSA denies that any acts or omissions giving rise to forfeiture have occurred.

## II.      PROBABLE CAUSE FOR FORFEITURE

### A.      BACKGROUND

4.      COMARSA denies any involvement in narcotics trafficking or money laundering. COMARSA is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4, which are vague and ambiguous, and therefore denies them.

5.      COMARSA denies any involvement in narcotics trafficking or money laundering. COMARSA is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5, which are vague and ambiguous, and therefore denies them.

6.      COMARSA denies any involvement in narcotics trafficking or money laundering, including the use of "shell operations" or "layering."   COMARSA is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, which are vague and ambiguous, and therefore denies them.

7.      COMARSA denies any involvement in narcotics trafficking or money laundering, including the use of "nominees."  COMARSA is otherwise without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, which are vague and ambiguous, and therefore denies them.

8.      COMARSA denies any involvement by the company, its receiver, officers, or employees in narcotics trafficking, both in Peru and on an "international level."   The term

"extended" is vague and ambiguous, and thus the allegations in Paragraph 8 are otherwise denied.

9.      COMARSA admits that it is aware that the Peruvian National Prosecutor's Office has investigated certain people with the surname "Sanchez-Paredes" and certain companies. COMARSA denies that a criminal complaint is pending.  COMARSA also denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- what the Amended Complaint calls "the Sanchez-Paredes drug trafficking organization ('DTO')."  COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9, which are vague and ambiguous, and therefore denies them.

10.     COMARSA admits that Percyles Hermenegildo Sanchez-Paredes and Segundo Simon Sanchez-Paredes were brothers, and that both died more than 20 years ago.  COMARSA denies the remaining allegations in Paragraph 10.

11.     COMARSA admits that Segundo Simon Sanchez-Paredes died in or about December 1987.  COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of whether the un-named, cooperating witness in Paragraph 11 at an unknown time made the claims alleged, or the truth of those claims, and therefore denies those claims.  COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11, and therefore denies them.

12.     COMARSA admits that Percyles Sanchez-Paredes died in or about 1991. COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  COMARSA is without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12, and therefore denies them.

13.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."   COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, and therefore denies them.

14.     COMARSA admits that Fidel Ernesto Sanchez Alayo, Miguel Angel Sanchez Alayo, Santos Orlando Sanchez-Paredes, Segundo Manuel Sanchez-Paredes, Fortunato Sanchez-Paredes, and Amanda Francisca Sanchez-Paredes have been investigated by Peruvian authorities with questionable motives on allegations related to narcotics trafficking but, to the best of COMARSA's knowledge and belief, none ever have been charged or convicted of these allegations.   COMARSA denies any involvement by the company, its receiver, officers or employees in narcotics trafficking.

15.     COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, which are vague and ambiguous, and therefore denies them.

16.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."   COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies them.

17.     COMARSA denies any involvement by the company, its receiver, officers, or employees in any shipments of cocaine.   COMARSA is without knowledge or information

4

sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17, and therefore denies them.

18.     COMARSA denies that the company, its receiver, officers, or employees have layered or disguised narcotics proceeds.  COMARSA further denies that the company, its receiver, officers, or employees have taken any acts "for the purpose of laundering enormous amounts of money stemming from narcotics trafficking."  COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18, and therefore denies them.

19.     COMARSA admits that Santos Orlando Sanchez-Paredes is a shareholder of COMARSA and has, for many years, functioned as COMARSA's court-appointed administrator. COMARSA admits that it is a mining company.  COMARSA denies that the amounts of calcium oxide used by COMARSA either fell short or far exceeded the amount needed to process gold. COMARSA denies that it is involved in the production of cocaine and further denies that it diverts calcium oxide to the production of cocaine.  COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19, which are vague and ambiguous, and therefore denies them.

20.     Paragraph 20 concerns a Defendant account that is not owned by COMARSA and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20, and therefore denies them.

21.     COMARSA denies that it has processed cocaine base into cocaine HCL, used mules (or any other means of transportation) to carry cocaine base, stored cocaine at its mine, or provided security for cocaine shipments.  COMARSA denies any knowledge of -- or any

involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO." COMARSA further denies that it is a "shell company," "essentially" or otherwise. COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21, and therefore denies them.

### B.     THE DEFENDANT PROPERTY

22.     COMARSA denies that its accounts have been used to launder narcotics proceeds, or that its accounts have been used and manipulated for money laundering purposes. COMARSA further denies the existence of a "cocaine operation." COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22, which are vague and ambiguous, and therefore denies them.

23.     COMARSA is without sufficient knowledge as to the identity of the person whose belief is set forth in Paragraph 23, and therefore denies those claims. COMARSA further denies any knowledge of – or involvement by the company, its receiver, officers or employees in – a "Sanchez Paredes DTO." COMARSA further denies that it is used to launder drug proceeds by commingling drug proceeds into its business operations; denies funding mining operations with "drug money" in the manner alleged in Paragraph 23 or otherwise; and denies converting drug proceeds into mining output. COMARSA denies extracting or creating "bars of minerals" with drug proceeds, and denies selling drug-subsidized mining products. COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23, which are vague and ambiguous, contain conclusions of law for which no response is required, and therefore denies them.

24.     COMARSA denies making or receiving any wire transactions that are "traceable to drug proceeds." COMARSA is otherwise without knowledge or information sufficient to

6

form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore denies them.

25.     COMARSA admits that its two named accounts were seized.  As to the portions of Paragraph 25 that concern a Defendant account that is not owned by COMARSA, a response from COMARSA is not required.  COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25, and therefore denies them.

### COMARSA ACCOUNT-1

26.     COMARSA admits that COMARSA ACCOUNT-1 is an account held in the name of COMARSA at JP Morgan Chase Bank.  COMARSA admits that it is a mining company, and was established in 1992, after Percyles's death.  COMARSA denies that it is engaged in the laundering of drug proceeds.

27.     COMARSA is generally without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 insofar as they report the results of an undated and undefined report from the World-Check database, and therefore denies them. COMARSA further answers that the Amended Complaint recklessly and/or intentionally fails to completely and accurately reflect the information presently available from World-Check, which indicates that the Peruvian "investigations," cited throughout the Amended Complaint against COMARSA and its officers and/or shareholders, have been stopped.

28.     COMARSA admits that Santos Orlando Sanchez-Paredes and Orlando Sanchez-Miranda are listed on the account opening documentation for COMARSA ACCOUNT-1, and, on information and belief, further admits that Orlando Sanchez-Miranda has not been investigated

for either drug trafficking or money laundering.   COMARSA denies the remainder of the allegations in paragraph 28.

29.     COMARSA admits the allegations made in Paragraph 29.

30.     COMARSA admits that in August of 2008, COMARSA ACCOUNT-1 entered into a closed status.   COMARSA denies any involvement in narcotics trafficking or money laundering.   COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30, and therefore denies them.

31.     Paragraph 31 characterizes Plaintiffs' lawsuit and does not require a response.   To the extent that a response is required, COMARSA denies that the funds contained in COMARSA ACCOUNT-1 are the proceeds of narcotics trafficking activities.

## PACIFIC ACCOUNT-1 AND PACIFIC ACCOUNT-2

32.     Paragraph 32 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

33.     COMARSA admits that COMARSA ACCOUNT-2 has been wired funds from PACIFIC ACCOUNT-1 at some point in time.   Paragraph 33 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

34.     COMARSA admits that Pacific wired approximately $20,000 to COMARSA ACCOUNT-2 in January 2011.   Paragraph 34 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To

the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

35.     Paragraph 35 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

36.     Paragraph 36 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

37.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  Paragraph 37 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

## EXIM LOGISTICS ACCOUNT

38.     Paragraph 38 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

39.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  Paragraph 39 otherwise

concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

      40.     Paragraph 40 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

      41.     Paragraph 41 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

      42.     Paragraph 42 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

      43.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  Paragraph 43 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

## ADVANCER ACCOUNT-1 AND ADVANCER ACCOUNT-2

44.     Paragraph 44 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

45.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  Paragraph 45 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

46.     Paragraph 46 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

47.     Paragraph 47 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

48.     Paragraph 48 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

49.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."   Paragraph 49 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

### CARLOS ALAYO ACCOUNTS

50.     Paragraph 50 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

51.     Paragraph 51 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

52.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."   Paragraph 52 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

53.     Paragraph 53 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a

response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

54.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  COMARSA further denies that Carlos Alayo has overseen the transfer of any funds to the COMARSA ACCOUNT-2 from Exim and Advancer.  Paragraph 54 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, which are vague and ambiguous, and therefore denies them.

### THE HORIZONTE DORADO ACCOUNT

55.     Paragraph 55 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

56.     Paragraph 56 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

57.     Paragraph 57 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

58.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."   Paragraph 58 otherwise concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

## THE SAN SIMON ACCOUNT AND COMARSA ACCOUNT-2

59.     The first sentence of Paragraph 59 concerns a Defendant account that is not owned by COMARSA and does not require a response by COMARSA.   COMARSA admits that COMARSA ACCOUNT-2 is held in the name of COMARSA at Banco de Comercio in Lima, Peru.

60.     Paragraph 60 contains allegations concerning other Defendant accounts that are not owned by COMARSA, which do not require a response by COMARSA.   Refining Company B is not defined in the Amended Complaint, and, as such, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, which are vague and ambiguous, and therefore denies them.

61.     Paragraph 61 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.   To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

62.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."   Paragraph 62 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a

response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

63.     Paragraph 63 concerns a Defendant account that is not held in the name of COMARSA, and therefore does not require a response by COMARSA.  To the extent that a response is required, COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

64.     COMARSA admits that it is a mining company.  COMARSA also admits that it was investigated by Peruvian authorities with questionable motives in July 2007 on allegations related to narcotics trafficking, based on mistaken reports that chemicals had been diverted for narcotics production, but was neither charged nor convicted of any crime as a result. COMARSA denies that it is involved in the activities discussed in paragraph 21 of the Amended Complaint, i.e., money laundering, narcotics trafficking, and narcotics production, and denies that it diverted any chemical products for narcotics production.  COMARSA is without knowledge or information sufficient to form a belief as to what an unnamed confidential source said, but denies the factual substance of the claims allegedly made by this unnamed confidential source.  COMARSA admits that it was investigated by authorities in Peru with questionable motives in January 2008, but denies that it was named in a criminal complaint in April 2010.

65.     COMARSA admits that Santos Orlando Sanchez-Paredes is a shareholder of COMARSA and has, for many years, functioned as COMARSA's court-appointed administrator. The allegations in paragraph 65 as to individuals who are "listed" in some undefined document or place at some undefined time are vague and ambiguous, and are therefore denied on that basis.

COMARSA is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65, and therefore denies them.

66.     COMARSA denies any knowledge of -- or any involvement by the company, its receiver, officers, or employees in -- a "Sanchez-Paredes DTO."  The allegations in Paragraph 80 concerning a Defendant account that is not held in the name of COMARSA do not require a response by COMARSA.  Paragraph 66 otherwise characterizes Plaintiff's lawsuit and does not require a response.   To the extent that a response is required, COMARSA denies that COMARSA ACCOUNT-2 is facilitating the laundering of narcotics proceeds, and denies that the funds contained in COMARSA ACCOUNT-2 are traceable to the proceeds of narcotics trafficking activities.

### III.     FIRST CLAIM FOR FORFEITURE

67.     As to Paragraph 67, COMARSA reasserts the responses stated above in responding to Paragraphs 1 through 66.

68.     Paragraph 68 describes a statute, which speaks for itself.  To the extent that a response is required, COMARSA denies the allegations in paragraph 68.

69.     Paragraph 69 describes a statute, which speaks for itself.

70.     Paragraph 70 describes a statute, which speaks for itself.

71.     Paragraph 71 describes a statute, which speaks for itself.

72.     Paragraph 72 purports to state legal conclusions to which no response is required. To the extent that a response is required, COMARSA denies the allegations in paragraph 72.

### IV.     SECOND CLAIM FOR FORFEITURE

73.     As to Paragraph 73, COMARSA reasserts the responses stated above in responding to Paragraphs 1 through 72.

74.     Paragraph 74 describes a statute, which speaks for itself.

75.     Paragraph 75 purports to state legal conclusions to which no response is required. To the extent that a response is required, COMARSA denies the allegations in paragraph 75.

## PRAYER FOR RELIEF

76.     COMARSA denies that Plaintiff is entitled to any relief from this Court, and demands that the Defendant Property seized by the Plaintiff be returned to COMARSA. forthwith.

77.     To any extent to which COMARSA has not responded to an allegation of the Amended Complaint, or has not affirmatively admitted an allegation of the Amended Complaint, COMARSA denies that allegation.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

76.     Plaintiff's Complaint fails to state a claim on which relief may be granted.

### Second Affirmative Defense

77.     Plaintiff's Complaint is barred by the applicable statutes of limitations, including those set forth in 18 U.S.C. § 984 and 19 U.S.C. § 1621.

### Third Affirmative Defense

78.     Plaintiff's Complaint is barred by the Due Process Clause of the Fifth Amendment.

### Fourth Affirmative Defense

79.     This Court lacks *in rem* jurisdiction over this action as to COMARSA ACCOUNT-2.

### Fifth Affirmative Defense

80.     There was a lack of probable cause to initiate Plaintiff's Amended Complaint, and a lack of probable cause for the seizure of the bank accounts, as required by the Fourth Amendment and 18 U.S.C. § 981.

### Sixth Affirmative Defense

81.     Forfeiture of COMARSA ACCOUNT-1 and COMARSA ACCOUNT-2 would violate the Excessive Fines Clause of the Eighth Amendment and 28 U.S.C. § 983(g).

### Seventh Affirmative Defense

82.     Plaintiff's Amended Complaint fails to plead the circumstances giving rise to forfeiture with the particularity required by Federal Rule of Civil Procedure E (2)(a).

### Eighth Affirmative Defense

83.     COMARSA is an innocent owner with respect to the funds currently on deposit in COMARSA ACCOUNT-1.  See 28 U.S.C. § 983(d).

### Ninth Affirmative Defense

84.     COMARSA is an innocent owner with respect to the funds currently on deposit in COMARSA ACCOUNT-2.  See 28 U.S.C. § 983(d).

### Tenth Affirmative Defense

85.     COMARSA reserves the right to assert any additional defenses or counterclaims as it becomes aware of them.

### Jury Trial Demand

86.     COMARSA demands a trial by jury.

**WHEREFORE**, having fully answered and responded to the allegations of the Amended Complaint, COMARSA respectfully requests that this Court:

A.       enter judgment in COMARSA's favor and against Plaintiff, dismissing all claims;

B.       direct the government to immediately return the funds seized from COMARSA's accounts;

C.       enter an Order under 28 U.S.C. § 2465(b)(1) declaring that COMARSA has "substantially prevailed," awarding COMARSA its attorneys' fees, costs, and interest; and

D.       award COMARSA any further and additional relief as the Court deems just and proper.

Dated:  February 8, 2013                                Respectfully submitted,

/s/ Abbe David Lowell
Abbe David Lowell
NY Bar No.: 2981744
SDNY Reg. No.: AL2981
ADLowell@Chadbourne.com
CHADBOURNE & PARKE LLP
1200 New Hampshire Ave., NW
Washington, DC 20036
(202) 974-5600 (phone)
(202) 974-5602 (fax)

*Attorney for Claimant CIA Minera Aurifera Santa Rosa SA.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 8, 2013, I caused a true and correct copy of the Answer to the Amended Verified Complaint of Claimant CIA Minera Aurifera Santa Rosa SA to be served via the CM/ECF system upon Preet Bharara, United States Attorney for the Southern District of New York, Sarah E. Paul, Assistant United States Attorney, and Paul Monteleoni, Assistant United States Attorney.

/s/ Abbe David Lowell
Abbe David Lowell

20